﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200206-60952
DATE: February 26, 2021

REMANDED

Entitlement to service connection for a left knee condition, claimed as pes bursitis, is remanded.

Entitlement to service connection for a right knee condition, claimed as pes bursitis, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from October 1991 to October 1992.

The rating decision on appeal was issued in August 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the February 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the AOJ for further development instead of immediately deciding them directly. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct pre-decisional duty to assist errors. See 38 C.F.R. § 20.802(a).

Unfortunately, the Veteran’s claims for service connection must be remanded. Although the Board sincerely regrets the additional delay, it is necessary to ensure there is a complete record upon which to make an informed decision, so the Veteran is afforded every possible consideration.

Entitlement to service connection a left knee condition and a right knee condition are remanded.

The Veteran seeks service connection for a bilateral knee disability, claimed as pes bursitis of the left and right knees, which she contends was incurred in or caused by military service. She contends that she has had knee pain since the diagnosis of bilateral pes bursitis while on active duty in July 1992.

Service treatment records show that the Veteran sought treatment for bilateral knee pain numerous times during service and was diagnosed with pes bursitis in July 1992. The condition rendered the Veteran unable to perform certain duties and she was medically discharged following a Medical Evaluation Board proceeding. 

Private treatment records show continued treatment for chronic knee pain. In a February 1999 letter, a private physician diagnosed the Veteran with chronic pes bursitis and left patella femoral syndrome and opined that this is the same condition that was diagnosed in service in 1992. 

In September 1999, the Veteran was scheduled to undergo a VA examination to assess her claimed disabilities; however, she did not show for the examination. As such, the AOJ denied the Veteran’s claim. Review of the Veteran’s claims file shows that, at the time of the scheduled examination, she was living at a different address than the one to which the notification was addressed. Therefore, the Board finds it likely that the Veteran did not receive notification of the scheduled examination.

To date, the Veteran has not been afforded a VA examination with respect to her claimed knee conditions, despite credible evidence that it may have been incurred in or aggravated by active military service. 

The Board finds that this constitutes a pre-decisional duty to assist error. As such, the Veteran’s claim must be remanded to obtain a VA examination and medical opinion that adequately addresses the nature and etiology of the Veteran’s bilateral knee conditions, prior to adjudication of the claim. See 38 C.F.R. § 20.802(a); see also McLendon v. Nicholson, 20 Vet. App. 79 (2006); Douglas v. Shinseki, 23 Vet. App. 19, 26 (2009).

Accordingly, the matter is REMANDED for the following action:

1. Schedule the Veteran for a VA examination with a physician of appropriate expertise to determine the nature and etiology of her current conditions of the left and right knees. The entire claims file, to include a copy of this REMAND, must be provided to the examiner and reviewed in full. That review must be noted in the report. Thereafter, the examiner should provide an opinion with respect to the following:

Left Knee

(a) Set forth all currently-diagnosed left knee conditions, including those diagnosed during the pendency of the appeal, even if they have since resolved.

(b) Opine whether it is at least as likely as not (50 percent probability or greater) that any currently-diagnosed left knee condition was incurred in or aggravated by the Veteran’s service to include the diagnosis of bilateral pes bursitis in July 1992?

Right Knee

(a) Set forth all currently-diagnosed left knee conditions, including those diagnosed during the pendency of the appeal, even if they have since resolved.

(b) Opine whether it is at least as likely as not (50 percent probability or greater) that any currently-diagnosed left knee condition was incurred in or aggravated by the Veteran’s service to include the diagnosis of bilateral pes bursitis in July 1992?

The examiner is reminded that the term “at least as likely as not” does not mean “within the realm of possibility.” Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.

It is imperative that the examiner’s report reconcile the evidence of record, to include the Veteran’s lay statements, service treatment records, post-service VA medical records, and any other pertinent evidence of record.

The examiner is advised that the Veteran is competent to report her medical history, including when her symptoms began, and such reports must be acknowledged and considered in formulating any opinion. The Veteran’s lay contentions must be considered and weighed in making the determination as to whether a nexus exists between the claimed disability and military service. It should be noted that a lack of documented treatment for the given disability in service, while probative, cannot serve as the sole basis for a negative finding.

The examiner must provide a complete rationale for any opinion expressed, citing to the examiner’s clinical experience, medical expertise, and established medical principles, as necessary. If the examiner is unable to provide an opinion without resorting to speculation, he or she should fully explain why that is so and what, if any, additional evidence would be necessary before an opinion could be rendered. 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Rosenthal, Ariana

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.